DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas that found appellant guilty of one count of possession of crack cocaine and imposed a term of imprisonment. Pursuant to 6th Dist.Loc.App.R. 12(C), this case is assigned to the accelerated calendar.
 {¶ 2} In his sole assignment of error, appellant asserts that he was prejudiced by the trial court's definition of circumstantial evidence because the example the court used, which described a child standing by an open cookie jar with crumbs on her face, was analogous to the facts of this case.
 {¶ 3} This court has carefully reviewed the trial court's instructions to the jury as to circumstantial evidence and direct evidence and also has considered the trial court's words in the context of the entire instruction. See Cupp v. Naughten (1973), 414 U.S. 141,146-147. Based on the foregoing, we find that the trial court's instruction as to circumstantial evidence, in particular the example used, was not prejudicial to appellant. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 4} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.